KENNEDY & COUVILLIER
Todd Kennedy, Bar No. 6014
tkennedy@kclawnv.com
3271 E. Warm Springs Road
Las Vegas, NV 89120
Telephone:  702.605.3440
Facsimile:    702.625.6367

TROUTMAN PEPPER
HAMILTON SANDERS LLP
Terrence R. McInnis, CA Bar No. 155416
(*pro hac vice pending*)
terrence.mcinnis@troutman.com
James A. Hazlehurst, CA Bar No. 257711
(*pro hac vice pending*)
james.hazlehurst@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:    949.622.2739

*Attorneys for Plaintiff*
U.S. Specialty Insurance Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, a Texas Corporation,<br><br>Plaintiff,<br>v.<br><br>RIO STONE TILE, LLC, a Nevada limited liability company; ANTHONY & SYLVAN POOLS CORPORATION, an Ohio Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RESCISSION, DECLARATORY RELIEF, AND RECOUPMENT** |

Plaintiff U.S. Specialty Insurance Company ("USSIC") brings this Complaint against defendants Rio Tile Stone, LLC ("Rio") and Anthony & Sylvan Pools

- 1 -

Corporation ("A&S Pools") (collectively, "Defendants"). USSIC is informed and believes and therefore alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) since a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

3. USSIC is a corporation organized and incorporated under the laws of the State of Texas with its principal place of business in Texas, and as such, is a citizen of Texas within the meaning of 28 U.S.C. § 1332(c)(1).

4. Rio is a limited liability company organized and existing under Nevada law with its principal place of business in Las Vegas, Nevada. All of the members or Rio are individuals residing in the state of Nevada. As such, Rio is a citizen of Nevada. Rio is the named insured under the subject insurance policy issued by USSIC.

5. A&S Pools is a corporation organized and incorporated under the laws of the State of Ohio with its principal place of business in Doylestown, Pennsylvania, and as such, is a citizen of Ohio and Pennsylvania within the meaning of 28 U.S.C. § 1332(c)(1). A & S Pools has claimed to be an additional insured under the subject insurance policy.

## INTRODUCTION

6. This is an action by USSIC seeking declarations concerning the rights and obligations of the parties under certain insurance policies issued to Rio and in connection with the lawsuit captioned *Michael and Karen Crovetti, et al. v. Dax*

*Contracting, LLC*, Case No. A-20-808685-D (Nevada District Court, Clark County) (the "Crovetti Action").

7.  In this Complaint, USSIC seeks, *inter alia*, a judgment declaring that (1) USSIC is entitled to rescind the policies; (2) that no coverage is afforded under the policies for the Crovetti Action; (3) that USSIC has no obligation to defend or indemnity Rio and/or A & S Pools under the policies in connection with the Crovetti Action; and (4) awarding to USSIC the amounts paid in defense of Rio in the Crovetti Action.

## FACTUAL BACKGROUND

### The Crovetti Action

8.  On or about January 16, 2020, Michael and Karen Crovetti filed the Complaint in the Crovetti Action against Dax Contracting, LLC ("Dax") and Blue Heron Architecture, LLC. A copy of the Complaint in the Crovetti Action is attached hereto as **Exhibit "A."**

9.  The Crovetti Action is a construction defect lawsuit involving a single-family residence owned by the Crovettis and located at 1491 Reims Drive in Henderson, Nevada (the "Property").

10. The Property owners, Michael and Karen Crovetti, hired Dax as the general contractor. Dax hired A&S Pools to construct a swimming pool and related structures. A&S hired Rio to install tile in the pool. The Crovetti Action alleges defects with tile work in the Property's swimming pool, among other things.

11. The Complaint in the Crovetti Action further alleges that Dax obtained a building permit to begin construction on the Property on April 17, 2015 and that the home was completed on November 17, 2017.

12. The Crovetti's Complaint identifies a number of defects relating to the home construction, including defective installation of exterior tile and defective construction of the swimming pool and spa.

13. The Crovettis allege that the pool leaked a significant amount of water onto the hillside in January 2018, and that the pool again failed on June 2, 2018, causing thousands of gallons of water to flood the pool deck and other structures.

14. Dax filed a third-party complaint in the Crovetti Action against A&S Pools, among others. On or about June 24, 2020, A&S Pools filed a Third-Party Complaint against Rio, among others, asserting claims for negligence, breach of express and implied warranties, implied indemnity, breach of contract, equitable indemnity, contribution, and express indemnity. A copy of A&S Pool's third-party complaint in the Crovetti Action is attached hereto as **Exhibit "B."**

15. In its Third-Party Complaint, A&S generally asserts that the third-party defendants are responsible for any defects in the design, development, construction, supply of materials, or repair of the property, that the third-party defendants breached their contractual duty to defend and indemnify A&S, and that the third-party defendants are liable for any judgment rendered against A&S in proportion to their respective fault.

## The Policies and Application

16. USSIC issued Commercial General Liability Policy No. U16AC94613-00 to Rio for the October 11, 2016 to October 11, 2017 Policy Period (the "2016 Policy"). The Policy is issued on an occurrence basis and contains a limit of liability of $1,000,000 each Occurrence and $2,000,000 Aggregate for products-completed operation, and a $2,000,000 general Aggregate. Attached hereto as **Exhibit "C"** are copies of the forms and endorsements that comprise the 2016 Policy.

17. On October 10, 2016, Jose Manuel Avila Rios signed an application for the Policy (the "Application"). A copy of the Application is attached hereto as **Exhibit "D."**

18. The Application included the following questions to which Mr. Rios responded "no":

|   |   |   |
|---|---|---|
| | 10) | Has or will the applicant perform any work other than work as a Tile and Stone Installation Contractor? |
| | 11) | Has or will the applicant perform any work involving swimming pool construction, or pool decking? |
| | 14) | Has or will the applicant perform any exterior work? |

19. The responses to these Application questions were not accurate as Rio's work on the Property involved work other than as a tile and stone installation contractor, work involving swimming pool construction, and exterior work.

20. The responses to these Application questions were material to USSIC's acceptance of the risk and issuance of the 2016 Policy. Had USSIC known the true facts, it would not have issued the 2016 Policy.

21. The Application includes a "Notice to Applicant" which includes the following statements:

> By signing this application, the applicant warrants and represents that each of these facts and representations contained in this application, along with all other information supplied by or on behalf of the applicant are true, complete and accurate. It is further understood that the applicant's signature is binding with respect to all future applications and/or renewals.
>
> The applicant understands and agrees that U.S. Specialty Insurance Company (the "Company") has relied upon the information contained in this application to determine eligibility and acceptability of the risks, rates and

|   |   |
|---|---|
| 1 | coverage if the applicant discovers, at any time, that any fact or representation made in this or in any other electronic or physical document provided by or on behalf of the applicant to the company is false, misleading or inaccurate in any manner, the applicant must inform the company of such change, in writing and any policy issued before such notification is subject to immediate cancellation. |

> coverage if the applicant discovers, at any time, that any fact or representation made in this or in any other electronic or physical document provided by or on behalf of the applicant to the company is false, misleading or inaccurate in any manner, the applicant must inform the company of such change, in writing and any policy issued before such notification is subject to immediate cancellation.
>
> * * *
>
> The applicant understands that any misrepresentations or omissions shall constitute grounds for recission of coverage and denial of claims.
>
> * * *
>
> The undersigned being authorized by and acting on behalf of the prospective insured(s), represents that the answers, information, facts and representations given in this application are complete, true and accurate. Failure to provide truthful answers and all material information may result in the company electing to deny all claims relating to or cancel, reform and/or rescind the insurance policy.

22. USSIC also issued Commercial General Liability Policy No. U17AC94613-00 to Rio for the October 11, 2017 to October 11, 2018 Policy Period (the "2017 Policy", and collectively with the "2016 Policy", the "Policies"). Attached as Exhibit "E" hereto are copies of the forms and endorsements that comprise the 2017 Policy.

23. Rio did not inform USSIC of any change in its operations in connection with its purchase of the 2017 Policy and so USSIC issued the 2017 Policy in reliance on the same representations made in the 2016 Application.

**The Coverage Dispute**

24. Rio and A&S Pools tendered the Complaint in the Crovetti Action to USSIC for coverage under the 2016 Policy and 2017 Policy (collectively, the "Policies").

25. USSIC agreed to defend Rio in connection with the Crovetti Action, subject to a full reservation of rights under the Policies, including all rights to recoup defense costs to the extent there is no coverage under the Policies for the Crovetti Action.

## COUNT I

### (Rescission)

26. USSIC repeats and incorporates by reference the allegations in paragraphs 1 through 25 of the Complaint.

27. Rio's responses in the Application to the questions 10, 11, and 14 were not true.

28. Rio knew or should have known that its Application responses were not true.

29. Rio's responses to the Application questions were material to USSIC's acceptance of the risk and decision to issue the Policies. USSIC issued the Policies to Rio in reliance upon Rio's representations in the Application.

30. USSIC was unaware of Rio's misrepresentations in the Application when it issued the Policies. Had USSIC known the true facts, it would not have issued the Policies or would have issued the Policies on different terms.

31. Rio tendered A&S Pool's Third-Party complaint to USSIC for defense and indemnity under the Policies.

32. In the course of investigating Rio's tender for coverage under the Policies, USSIC discovered Rio's misrepresentations in the Application.

33. Upon discovering Rio's misrepresentations, USSIC has provided notice to Rio of its intent to rescind the Policies and will credit the premium paid by Rio for the Policies against USSIC's recovery of amounts it paid under the Policies, such that the parties are returned to their original positions upon rescission of the Policies.

34. An actual controversy exists between USSIC, on the one hand, and Defendants, on the other hand, relating to USSIC's right to rescind the Policies.

35. By virtue of the foregoing, USSIC is entitled to a judgment rescinding the Policies and, as to Rio, awarding to USSIC all amounts paid by USSIC under the Policies, less the premium collected by USSIC for the Policies, such that the parties are returned to their original positions.

## COUNT II

### (Declaratory Relief)

36. USSIC repeats and incorporates by reference the allegations in paragraphs 1 through 35 of the Complaint.

37. USSIC asserts that it is entitled to rescind the Policies and that it therefore has no defense or indemnity obligations to Defendants in connection with the Crovetti Action.

38. On information and belief, USSIC alleges that Defendants, and each of them, contend otherwise.

39. An actual controversy exists between USSIC, on the one hand, and Defendants, on the other hand, relating to the legal rights and obligations of the respective parties under the Policies.

40. By virtue of the foregoing, USSIC is entitled to a judgment declaring that USSIC has no defense or indemnity obligations under the Policies in connection with the Crovetti Action by virtue of the Policies' rescission.

## COUNT III

### (Alternatively, Declaratory Relief – Against All Defendants)

41. USSIC repeats and incorporates by reference the allegations in paragraphs 1 through 40 of the Complaint.

42. The Application provides in relevant part that "The applicant understands that any misrepresentations or omissions shall constitute grounds for recission of coverage and denial of claims."

43. As alleged herein, Rio's responses in the Application were misrepresentations.

44. As an alternative to rescission of the Policies, USSIC is entitled to a declaration that no defense or indemnity coverage exists under the Policies for the Crovetti Action pursuant to the terms of the Application and based on Rio's misrepresentations.

45. On information and belief, USSIC alleges that Defendants, and each of them, contend otherwise.

46. An actual controversy exists between USSIC, on the one hand, and Defendants, on the other hand, relating to the legal rights and obligations of the respective parties under the Policies.

47. By virtue of the foregoing, USSIC is entitled to a judgment declaring that USSIC has no defense or indemnity obligations under the Policies in connection with the Crovetti Action due the misrepresentations in the Application.

## COUNT IV

### (Recoupment/Restitution/Unjust Enrichment against Rio)

48. USSIC repeats and incorporates by reference the allegations in paragraphs 1 through 47 of the Complaint.

49. USSIC agreed to defend Rio in connection with the Crovetti Action, subject to a full reservation of rights, including but not limited to the right to recoup

from Rio any and all defense costs if it is determined that no coverage is afforded for the Crovetti Action.

50. No coverage is afforded under the Policies for the Crovetti Action by reason of the Policy rescission and/or Rio's misrepresentation in the Application. USSIC therefore does not have a duty to defend Rio in the Crovetti Action and never had a duty to defend Rio in that suit. Accordingly, amounts paid by USSIC in defense of the Crovetti Action are not and were not owed by USSIC under the Policies, and USSIC is therefore entitled to recoup such amounts from Rio. It would be unjust and inequitable to allow Rio to keep the benefit of amounts paid under the Policy for which it was not entitled, and so USSIC is entitled as a matter of law and equity to recoup its payments under the Policies from Rio.

51. Because the Policies do not provide coverage for Rio in connection with the Crovetti Action, USSIC is entitled to an order requiring Rio to make restitution (as keeping such benefits would be unjust) and to reimburse all amounts paid under the Policies in connection with the Crovetti Action by reason of the Policy rescission and/or Application misrepresentations, including prejudgment interest thereon.

52. An actual and justiciable controversy exists between USSIC, on the one hand, and Rio, on the other, regarding USSIC's right to recoupment of defense costs paid by USSIC under the Policies in connection with the Crovetti Action insofar as USSIC contends that it has a right to recoupment of defense costs paid in connection with the Crovetti Action because of the rescission of the Policies while Rio contends otherwise.

53. By virtue of the foregoing, USSIC is entitled to a judgment against Rio awarding to USSIC all amounts paid under the Policies in connection with the Crovetti Action.

## PRAYER FOR RELIEF

WHEREFORE, USSIC prays for the following relief and for judgment against Rio and A&S Pools as follows:

### COUNT I

1. A judgment rescinding the Policies and as against Rio, awarding to USSIC all amounts paid by USSIC under the Policies, less the premium collected by USSIC for the Policies, such that the parties are returned to their original positions.

### COUNT II

2. A judgment declaring that USSIC has no obligation to defend or indemnify Rio and/or A&S Pools in the Crovetti Action by reason of the rescission of the Policies.

### COUNT III

3. A judgment declaring that USSIC has no obligation to defend or indemnify Rio and/or A&S Pools in the Crovetti Action by reason of the material misrepresentations in the Application.

### COUNT IV

4. A judgment against Rio awarding to USSIC all amounts paid under the Policies in connection with the Crovetti Action, including all defense costs incurred in defending that suit, because USSIC had no duty to defend or pay such amounts under the Policies for the Crovetti Action.

### ALL COUNTS

5. For USSIC's costs of suit herein; and

6. For such other relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: May 20, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | KENNEDY & COUVILLIER |
| 4 | | |
| 5 | | By: /s/ Todd E. Kennedy, Esq.<br>Todd Kennedy |
| 6 | | *Attorneys for Plaintiff* |
| 7 | | U.S. Specialty Insurance Company |
| 8 | Dated: May 20, 2022 | Respectfully submitted, |
| 9 | | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| 10 | | |
| 11 | | By: /s/ James A Hazlehurst, Esq.<br>Terrence R. McInnis<br>James A. Hazlehurst |
| 12 | | |
| 13 | | *Attorneys for Plaintiff*<br>U.S. Specialty Insurance Company |

- 12 -

124432409